UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO PLASCENCIA OROZCO, aka Alberto Jose Del Muro, aka Alberto Jose Muro-Guerrero, BOP #40467-198,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBINSON, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 21cv207-MMA-NLS<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>[Doc. No. 2]<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　Plaintiff Ramiro Plascencia Orozco, also known as Alberto Jose Del Muro and Alberto Jose Muro-Gurrero, a prisoner incarcerated at the Federal Medical Center in Fort Worth, Texas, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Plaintiff did not prepay the civil filing fee required to commence a civil action at the time he filed this action; instead, he has filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

1

**I.      Motion to Proceed IFP**

     A.      <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plascensia-Orozco, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the

central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless she faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

Plaintiff's Complaint does not allege any basis for § 1983 liability at all, let alone assert "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as best the Court can decipher, Plascensia-Orozco seeks to hold federal judges, prosecutors, and defenders liable for violating his Fourth, Fifth, Sixth, Tenth, and Eleventh Amendment rights and "sovereign immunity" as a result of his having been "falsely arrested," "kidnapped," prosecuted, and sentenced for acts of "commercial fraud" during the course of at least three separate federal criminal proceedings:  94cr296-B, 05cr1714-JM, and 08cr139-BEN.[1]  *See* Compl. at 2, 3–7.  But claims of false imprisonment are "not the sort of serious physical injury contemplated by the in forma pauperis statute." *Langston v. White*, No. 2:19-CV-1168 DB P, 2019 WL 3326181, at *2 (E.D. Cal. July 3, 2019), *report and recommendation adopted*, No. 2:19-CV-1168-KJM-DBP, 2019 WL 3318529 (E.D. Cal. July 24, 2019) (citing *Smith v. Baldwin*, No. 18-cv-1503-NJR, 2018 WL 3993629, at *2 (S.D. Ill. Aug. 21, 2018); *Berryhill v. Oklahoma*, No. CIV-13-1370-W, 2014 WL 679111, at *2 (W.D. Okla. Jan. 30, 2014); *Weidow v.*

---

[1] In fact, "[o]ver his 46-year career as an illegal entrant, [Plaintiff] has been deported or removed dozens of times." *United States v. Plascencia-Orozco*, 852 F.3d 910, 914 (9th Cir. 2017).

*Anderson*, No. 3:07-cv-510/LAC/MD, 2008 WL 168888, at *2 (N.D. Fla. Jan. 16, 2008)).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Therefore, this Court takes judicial notice of its own records,[2] together with the docket proceedings of other federal courts available on PACER, and finds that Plaintiff Ramiro Plascencia Orozco, aka Alberto Jose Del Muro, aka Alberto Jose Muro-Guerrero, and identified as BOP #40467-198, while incarcerated, has had *at least* six prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Del Muro v. Villasenor, et al.*, Civil Case No. 3:08-cv-01712-W-POR (S.D. Cal., Mar. 3, 2009) (Order Sua Sponte Dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)) (Doc. No. 8) (strike one);

2) *Del Muro v. Benitez, et al.*, Civil Case No. 3:09-cv-01462-JLS-PCL (S.D. Cal., July 15, 2009) (Order Dismissing Civil Action as duplicative and frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (Doc. No. 3) (strike two);

3) *Del Muro v. Benitez, et al.,* Civil Case No. 3:09-cv-1264-BTM-BLM (S.D. Cal., Oct. 1, 2009) (Order Dismissing Second Amended Complaint for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)) (Doc. No. 8) (strike three);

4) *Del Muro v. Benitez, et al*., Appeal No. 09-56625 (Ninth Cir. Ct.

---

[2] A court may take judicial notice of its own records*, see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

App., Jan. 21, 2010) (Order denying appellant's motion to proceed in forma pauperis "because we find that the appeal is frivolous.") (DktEntry 9) (strike four);

5) *Plascencia-Orozco v. Wilson, et al.*, Civil Case No. 4:18-cv-00527-A (N.D. Texas, July 2, 2019) (Order dismissing Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)) (Doc. No. 7) (strike five); and

6) *Plascencia-Orozco v. Wilson, et al.*, Appeal No. 18-10991 (5th Cir. Ct. App. July 10, 2019) (unpub.) (Order dismissing appeal as frivolous) ("The district court's dismissal of Plascencia-Orozco's complaint and our dismissal of his appeal both count as strikes under 28 U.S.C. § 1915(g).") (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III.   Conclusion and Order**

For the reasons set forth above, the Court:

1)   **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

2)   **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

//
//

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

DATE: March 18, 2021

HON. MICHAEL M. ANELLO
United States District Judge